**Hudson V. PATRICK, Plaintiff-Appellant,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, Defendant-Appellee.**

No. 71–1219.

United States Court of Appeals, Eighth Circuit.

March 20, 1972.

George G. West, Des Moines, Iowa, for plaintiff-appellant.

Lawrence Gold, Washington, D. C., for defendant-appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

## PER CURIAM.

Hudson V. Patrick appeals from a directed verdict rendered in favor of the International Union by the district court at the close of a jury trial.

Patrick was an employee of I. D. Packing Company and a member of Local 268 of the International Union of Operating Engineers which was affiliated with the International Union. On December 27, 1968, I. D. Packing Company discharged Patrick. Thereupon, Patrick asked Local 268 to process a grievance on his behalf in accordance with their collective bargaining agreement. Local 268 processed his grievance through the first two steps of the grievance procedure but then refused or failed to process his grievance in the subsequent steps. Patrick then filed this suit in district court alleging that the Company wrongfully discharged him and that Local 268 and the International Union improperly processed his grievance. After seven days of trial, the trial court dismissed the claim against the International Union. The jury found that I. D. Packing Company properly discharged Patrick but that Local 268 had improperly refused to process his grievance and returned a verdict against Local 268 in the sum of $21,009.20. The local union has not appealed this part of the judgment and Patrick has not challenged the jury verdict in favor of I. D. Packing Company on this appeal.

Patrick's major assertion is that the International Union breached its statutory and contractual duties to fairly represent him in his grievance and that the trial court erred in dismissing his claim against it. We find this assertion to be without merit. The International Union's *statutory* duty only required that its failure to process his grievance not be "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967); Richardson v. Communications Workers of America, 443 F.2d 974, 981 (8th Cir. 1971). It is difficult to understand how the International Union's conduct can be said to be "arbitrary, discriminatory, or in bad faith" when the jury found that Patrick was properly discharged by I. D. Packing Company. Even under Patrick's theory that an International Union is liable for the acts of its locals and its officers, a wrongful discharge must first be proven. As stated in Vaca v. Sipes, *supra*, 386 U.S. at 197–198, 87 S. Ct. at 920–921:

> "The governing principle, then, is to apportion liability between the employer and the union according to the damage caused by the fault of each. Thus, damages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer."

The International Union's responsibility to assist in processing grievances is set forth in the bargaining agreement. This duty arises only at the *fourth* step of the grievance procedure, at which time "the company and the grievance committee have the right to call on . . . the International Representative to assist in the settlement of any dispute at the plant." In this case, the International Union's duty never arose inasmuch as Patrick's claim never went beyond the second step of the grievance procedure and neither the Company nor the grievance committee called upon the International Union for assistance.

We have examined Patrick's other assertions and, in light of the above determination, find them lacking merit. Therefore, the judgment of the district court is affirmed.